SAN JUAN TRADING CO., INC., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y RAFAEL DE J. CORDERO, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, asegurador, querellado ante la Comisión Industrial.

Núm. 259.—*Sometido:* Febrero 1, 1943. *Resuelto:* Marzo 15, 1943.

*Víctor J. Vidal González,* abogado de la recurrente; *Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar* y *G. Atiles Moréu, Ángel de Jesús Matos* y *Joaquín Correa Suárez,* abogados los tres últimos del Fondo del Estado, abogados todos del Administrador del Fondo, querellado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La corporación recurrente se dedica al negocio principal de Almacén de Maderas y Materiales de Construcción, en la

ciudad de San Juan, empleando más de cuatro obreros, a los cuales ha tenido asegurados en el Fondo del Seguro del Estado desde el año 1935–36 hasta el presente.

En noviembre 1 de 1941, el examinador de nóminas del Fondo practicó una investigación sobre los sueldos y jornales de los obreros empleados por la recurrente durante el año de julio 1º, 1940 a junio 30, 1941, y a virtud de su informe el Administrador del Fondo procedió a liquidar a la recurrente el año de póliza 1940–41 y a hacer la imposición preliminar para el año 1941–42, en la forma siguiente:

"A     LIQUIDACIÓN FINAL
Año 1940–41

| Clave: | Grupo: | Negocio: | Nómina: | Tipo: | Cuota: |
|--------|--------|----------|---------|-------|--------|
| 7219 | 320 | *Truckmen* | $4,220.96 | $15.50 | $654.25 |

"B     IMPOSICIÓN PRELIMINAR
1941–42

| Clave: | Grupo: | Nómina Estimada: | Básico: | Cuota: |
|--------|--------|------------------|---------|--------|
| 7219 | 320 | $4,220.96 | $15.00 | $633.14 |

Las dos partidas antes expuestas constituyen el 50 por ciento de los pagos hechos por la recurrente, por concepto de fletes, a los dueños de camiones independientes que fueron utilizados por la recurrente para entregar a sus clientes las maderas y materiales comprados en su establecimiento. Los dueños de esos camiones no tenían asegurados a sus chóferes y peones en el Fondo del Estado.

La recurrente se opuso a que las dos partidas fuesen clasificadas bajo la Clave Núm. 7219, correspondiente a "Truckmen—Empresa de Transporte", y solicitó el reajuste de su póliza. Negóse el Administrador a hacer el reajuste, amenazando a la recurrente con declararla patrono no asegurado si no hacía los pagos de acuerdo con la Clave Núm. 7219. La recurrente pagó bajo protesta y radicó una petición ante la Comisión Industrial solicitando el reajuste de la clasificación hecha por el Administrador.

En julio 31 de 1942 la Comisión dictó una resolución sosteniendo la actuación del Administrador; y en agosto 10 del mismo año la recurrente radicó una moción de reconsideración. La Comisión dictó una resolución convocando a las partes para una vista en reconsideración ante la Comisión en pleno. En octubre 30 de 1942 declaró no haber lugar a la reconsideración solicitada y confirmó su resolución anterior. Como fundamentos del recurso por ella interpuesto, la recurrente alega que la Comisión Industrial erró al resolver que de acuerdo con el párrafo segundo de la subdivisión (c), apartado 8 de la Regla V de las "Reglas del Fondo del Estado", las partidas en controversia deben ser clasificadas bajo la Clave Núm. 7219 (Truckmen—Empresa de Transporte) en lugar de bajo la Clave Núm. 8232, correspondiente al negocio de Almacén de Maderas (*Lumber Yard*); al resolver que la clasificación Núm. 8232 no incluye los chóferes y ayudantes que se utilicen en el negocio de Almacén de Maderas, asegurado bajo dicha clave; y al no resolver el caso de acuerdo con la opinión emitida por el "National Council on Compensation Insurance".

La disposición reglamentaria de cuya interpretación se trata lee así:

"(c) *Chóferes y sus ayudantes,* son aquellos empleados cuyo principal trabajo se lleva a cabo en vehículos de motor o en bicicleta en relación con los mismos, incluyéndose también empleados accidentales de garage.

Si un vehículo de motor, incluyendo el chófer y su ayudante, es contratado y su dueño no se ha asegurado contra la obligación de indemnizar o no ha suministrado prueba de haberse asegurado, la nómina de pago del chófer y ayudante será incluída en la nómina de pago del patrono asegurado al tipo correspondiente a las operaciones en que son ocupados. Si dicha nómina de pago no pudiera conseguirse, se considerará una mitad del total del alquiler de dicho vehículo así contratado como la nómina de pago del chófer y su ayudante."

En el Manual de Clasificaciones de Oficios e Industrias, aprobado por el Administrador del Fondo del Seguro del

Estado, las clasificaciones y claves en controversia en el presente litigio se describen así:

*"Clasificación.* *Clave*

Madera—Almacenes de . . . . (No materiales de segunda mano) incluyendo administrador o *manager,* carreteros y ayudantes_____ 8232

Madera—Talleres de. . . . Cepillado y moldura. Almacén de madera y materiales de construcción deben clasificarse separadamente. Carreteros, *chauffeurs* y auxiliares en las claves 8232 y 8231_____ 2731

Transporte—Trabajo de. . . . Excluyendo *express.* Incluyendo carreteros, *chauffeurs* y ayudantes, cuadreros y empleados del taller y garage, etc.

Todo patrono que se dedique a trabajo de transporte por contrato, para una o más personas o entidades, bajo ninguna circunstancia será clasificado y computado en otra forma que no sea de acuerdo con esta clasificación__ 7219

De acuerdo con la Tabla de Tipos Básicos de Seguros (año 1941–1942) el tipo de seguro correspondiente a cada una de las tres claves, por cada $100 de nómina, es como sigue:

Clave 8232: $5.25; Clave 2731: $5.00; Clave 7219: $15.00.

Los fundamentos principales de la resolución recurrida son:

(*a*) Que los transportes en el caso de autos fueron realizados por contratistas independientes dedicados al negocio de transportes, en vehículos de motor de la propiedad o bajo el control de dichos contratistas;

(*b*) Que la nómina de pago del chófer y ayudante debe ser incluída en la nómina de pago del patrono asegurado *al tipo correspondiente a las operaciones en que son ocupados;* y que esas operaciones no pueden ser otras que las de transporte; y

(*c*) Que la clasificación 8232 (almacenes de madera, incluyendo *manager,* carreteros y ayudantes) no incluye chóferes y ayudantes.

Somos de opinión que la Comisión Industrial erró al aplicar a los hechos del presente caso la Clave 7219 y al sostener que la recurrente está obligada a pagar el tipo de $15 por cada $100 de nómina.

Es cierto que la Clave 8232, correspondiente a los Almacenes de Maderas, no incluye específicamente a los chóferes y auxiliares, y que solamente incluye al administrador o *manager* y a los carreteros y auxiliares. Pero es igualmente cierto que la Clave 2731, correspondiente a "Talleres de Madera, Cepillado y Molduras", es aplicable a todos los empleados del taller, con excepción de "carreteros, *chauffeurs* y auxiliares", los cuales deberán clasificarse en las Claves 8232 y 8231. Estando los chóferes y ayudantes regularmente empleados por un Taller de Madera dedicados a un trabajo igual al que realizan los chóferes y ayudantes regulares de un Almacén de Maderas, no encontramos razón alguna que podamos considerar justa y lógica para sostener que los primeros deben ser clasificados bajo la Clave 8232 ($5.25 por cada $100 de nómina) y los segundos bajo la Clave 7219 ($15 por cada $100 de nómina). Parece justo resolver y así lo resolvemos que unos y otros deben ser clasificados bajo la Clave 8232.

Las nóminas a las cuales se aplicó por el Administrador la Clave 7219 (Transporte) constituyen el cincuenta por ciento de las sumas pagadas por la recurrente a dueños de camiones utilizados por ella en el curso ordinario de sus negocios, para entregar a sus clientes las maderas y materiales comprados en su almacén. Si ese mismo trabajo de entrega de materiales lo hubiese hecho la recurrente con sus propios camiones, guiados por chóferes y ayudantes por ella regularmente empleados, el tipo de seguro aplicable hubiera sido el de la Clave 8232 o sea $5.25 por cada $100 de nómina. No encontramos justificación alguna para sostener que cuando ese mismo trabajo de entrega de materiales, sin riesgo adicional alguno, es realizado por chóferes y ayudantes de un

patrono independiente no asegurado, debe aplicarse la Clave 7219 que fija el tipo de $15 por cada $100 de nómina. Siendo el riesgo para el Fondo del Seguro el mismo en uno y otro caso, el tipo de seguro debe ser también el mismo.

De acuerdo con el Manual de Clasificaciones, la Clave 7219 es aplicable a "todo patrono que se dedique a trabajo de transporte por contrato, para una o más personas o entidades". La aquí recurrente no se dedica a trabajos de transporte por contrato. Su negocio es la venta de maderas y materiales de construcción, y como un incidente de ese negocio utilizó los servicios de camiones pertenecientes a otra persona.

No estamos conformes con la interpretación que la Comisión Industrial ha dado al párrafo segundo de la subdivisión (e) del apartado 8 de la Regla V de las del Fondo del Estado, supra.

Del récord ante nos aparece que estando aún pendiente la moción de reconsideración radicada por la recurrente, el Jefe del Negociado de Liquidación de la Comisión Industrial elevó una consulta al National Council on Compensation Insurance, en la cual planteó la cuestión en controversia en estos términos:

"El caso es uno de un patrono dedicado a 'Almacén de Maderas', no incluyendo materiales usados, que además de sus propios camiones, alquila otros para hacer parte de sus entregas.

"*     *     *     *     *     *     *

"El Inspector que investigó la nómina del patrono en este caso, tomó dicha nómina sobre la base del 50 por ciento de la suma total pagada por el patrono a los dueños de los camiones alquilados, pero tiene dudas en cuanto a si dicha suma total debe ser incluída bajo la Clave 7219, Transportes, o bajo la Clave 8232, Almacén de Madera.

"¿Qué interpretación dan ustedes a las Reglas del Manual y especialmente a la cláusula (c) de las Excepciones Standard, referente a *chauffeurs* y sus ayudantes, y cómo debe clasificarse la nómina de estos vehículos?"

La contestación del National Council on Compensation Insurance, en lo que es pertinente, dice:

"En situaciones de esta clase, la práctica que seguimos, cuando no puede conseguirse la nómina del subcontratista, es la de considerar una mitad de la cantidad total pagada por el alquiler de los camiones como la nómina de los conductores, chóferes o sus ayudantes. Más aún, y en el caso que usted nos ha descrito, nosotros determinaríamos nuestra prima tomando como base la Clave 8232 más bien que la Clave 7219, por cuanto el patrono principal no está asegurando la obligación del subcontratista bajo la Ley de Compensaciones y sí solamente su propia obligación para con los empleados del subcontratista. . . . La relación entre los empleados del subcontratista y el patrono principal es directa, y, como tal, los empleados asegurados del subcontratista son considerados para los fines de la clasificación del seguro de compensación de los obreros, de igual modo que si fuesen empleados directos del patrono principal. Es por esta razón que la clasificación del patrono principal es la que gobierna, en vez de la clasificación que sería normalmente aplicable al subcontratista si éste hubiese obtenido su propia póliza."

"Esto significa, por lo tanto, que en el caso de contratistas de transporte que no estén asegurados, los chóferes y ayudantes que manejan los camiones deben ser colocados bajo la protección de la póliza del dueño del negocio de maderas (en su caso particular) bajo la misma base que si dichos chóferes y ayudantes fuesen empleados directos del traficante en maderas, y no como empleados del contratista de transporte. Teniendo en consideración que la clasificación 8232 'Almacenes de Madera' incluye carreteros, chóferes y sus ayudantes, se hace necesario clasificar a los incluídos chóferes y sus ayudantes empleados por el contratista de transporte pero cubiertos por la póliza del almacén de maderas bajo 8232 y no bajo 7219, como ocurriría si el contratista de transporte estuviese asegurando sus propios empleados.

"Esta es la regla que el National Council aplica en casos de esta naturaleza, y según hemos hecho constar anteriormente, esta regla está predicada sobre el tipo de endoso estatutario que se hace constar en todas las pólizas dentro de un estado determinado."

Son convincentes las razones en que se basa la regla que a casos como el presente aplica el National Council on Compensation Insurance, y no vemos razón alguna para que en

esta jurisdicción nos apartemos de la interpretación que a través de todos los estados de la Unión Americana se ha dado a estatutos idénticos al nuestro.

Por las razones expuestas, resolvemos que la Comisión Industrial erró al resolver que las nóminas en controversia debían ser liquidadas al tipo de $15 por cada $100 correspondiente a la Clave 7219, en vez de al tipo de $5.50 de la Clave 8232, que es la gobernante, por ser la correspondiente al negocio de Almacén de Maderas. *La resolución recurrida debe ser revocada y el caso devuelto a la Comisión Industrial para ulteriores procedimientos no inconsistentes con esta opinión.*